**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER BARROS MILLAN, | ) | CASE NO. 4:25-cv-02779 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE REUBEN J. |
| | ) | SHEPERD |
| WARDEN ED VOORHIES, et al., | ) | |
| | ) | **ORDER ADOPTING IN PART** |
| Respondents. | ) | **MAGISTRATE JUDGE'S REPORT** |
| | ) | **AND RECOMMENDATION** |

Petitioner Alexander Barros Millan is a Venezuelan national present in the United States without legal status.  (ECF No. 1, Pet., PageID #2).  He has been an Immigration and Customs Enforcement ("ICE") detainee since July 15, 2025, when he was arrested due to his immigration status.  (*Id.* at PageID #4; ECF No. 13-1, Record of Deportable/Inadmissible Alien, PageID #91). On December 23, 2025, he filed a Petition for Writ of Habeas Corpus asking this Court to (1) assume jurisdiction over this matter; (2) issue a writ of habeas corpus requiring that within one day, Respondents release Petitioner; (3) alternatively, issue a writ of habeas corpus requiring Respondents to release Petitioner unless they provide him with a bond hearing under 8 U.S.C. § 1226(a) within seven days; and (4) award Petitioner attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 28 U.S.C. § 2412, and on any other basis justified by

1

law.[1] On January 5, 2026, this Court referred the petition to Magistrate Judge Reuben J. Sheperd for the preparation of a Report and Recommendation ("R&R"). (Order [Non-document], dated Jan. 5, 2026).

After briefing and a hearing, the Magistrate Judge issued an R&R recommending that this Court grant the petition and require Respondents to hold a hearing no more than five business days thereafter to determine whether Petitioner is entitled to discretionary bond under 8 U.S.C. § 1226(a). (ECF No. 15, PageID #129). Respondents initially objected to the R&R, reiterated their arguments to the Magistrate Judge, and asked the Court to find that Petitioner is detained pursuant to 8 U.S.C. 1225(b)(2), and therefore ineligible for bond. (ECF No. 18). Since then, Respondents withdrew their objections due to the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026). (ECF No. 22).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within fourteen (14) days after service. Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

---

[1] Petitioner also claims that he is a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873 (C.D. Cal.). (ECF No. 1, PageID #5). He requests relief pursuant to an order in that case, which holds that Respondents violate the INA by applying § 1225(b)(2) to class members. (ECF No. 1, PageID #5). The R&R made "no recommendation as to whether Petitioner is a member of the *Bautista* Bond Eligible Class." (ECF No. 15, PageID #129). Petitioner did not timely object to this (or any other) portion of the R&R. Neither his February 20, 2026 Emergency Motion for Immediate Release With Notice of Supplemental Authority (ECF No. 19), nor his March 5, 2026 Emergency Notice to the Court Regarding Immigration Court's Defiance of Federal Court Authority and Motion to Amend the Report and Recommendation to Order Petitioner's Immediate Release (ECF No. 21), were filed within the R&R's objection period. To the extent that Petitioner alleges an Immigration Judge lied to him about an Order written by Judge Barker concerning the *Bautista* class, the Court takes judicial notice of U.S. District Court Judge Pamela A. Barker's Memorandum Opinion and Order in *Mendoza v. Raycraft*, No. 4:25-cv-2183 (N.D. Ohio Feb. 24, 2026) (holding that the California District Court's decision in *Bautista* is not "controlling law" in the Northern District of Ohio).

Since Respondents withdrew their objections, there are no objections remaining to the R&R.  Accordingly, the Court **ADOPTS** the R&R **IN PART**.  Petitioner's Petition (ECF No. 1) is **GRANTED IN PART**.  Respondents are **ORDERED** to hold a hearing no more than **TEN BUSINESS DAYS** after the filing of this Order to determine whether Petitioner is entitled to discretionary bond under §1226(a) and consistent with this Court's Order.

    **IT IS SO ORDERED.**

    Date: May 15, 2026

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

3